IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00474-WYD-BNB

MARIA V. MCANINCH JOLLIE,

Plaintiff,

v.

UNITED STATES ATTORNEY GENERAL,
UNITED STATES ATTORNEY, DISTRICT OF COLORADO, and
U.S. DEPARTMENT OF STATE,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants' Motion to Dismiss Plaintiffs'** [sic] **Claims for Lack of Jurisdiction and Failure to State a Claim** [Doc. #14, filed 7/12/06] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions

>the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
>Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
>However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

On March 8, 2006, the plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and a paper entitled "My case for re-instatement of Survivors and Retirement Benefits as a Former Spouse" [Doc. #3] (the "Paper"). On March 16, 2006, the Court ordered the plaintiff to submit her claim on the Court's complaint form [Doc. #2]. The plaintiff submitted her claim on the proper form on April 6, 2006 [Doc. #4] (the "Complaint"). The Complaint and the Paper contain the following allegations:

    1.   The plaintiff married Vernon McAninch on May 2, 1950. *Paper*, pp. 1-2, ¶ B2. The plaintiff and McAninch divorced on August 25, 1971. Id. at p. 2, ¶ B2. McAninch was a member of the Foreign Service during their entire marriage. Id.

2. The plaintiff married Richard Jollie on July 28, 1972. Id. at ¶ B4. The plaintiff and Jollie were divorced on August 25, 1976; remarried on November 16, 1976; and divorced again on October 17, 1980. Id. When the plaintiff married Jollie in 1972, she was 48 years old. Id. When the plaintiff remarried Jollie in 1976, she was 52 years old.

3. McAninch died on November 13, 1987. Id. at ¶ B3.

4. Subsequently, the plaintiff attempted to obtain survivor benefits from the Foreign Service Retirement Fund under P.L. 100-238. The plaintiff was ineligible to receive any benefits from the Foreign Service Retirement Fund because she had remarried before age 55. Id. at pp. 2-6; *Complaint*, pp. 2-3.

The Complaint brings one claim. *Complaint*, p. 3. Although the exact cause of action is not discernable from the plaintiff's allegations, she asks the Court "to reinstate [her] Survivor and Retirement Benefits as a Former Spouse." Id. at p. 6.

### III.  ANALYSIS

The defendants seek dismissal of the Complaint for lack of subject matter jurisdiction. It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Sovereign immunity is a jurisdictional bar to suit. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

"A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). The plaintiff bears the burden of establishing waiver to sovereign immunity. Fostvedt

v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992).  A matter must be dismissed "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."  Fed. R. Civ. P. 12(h)(3).

The Complaint lists 28 U.S.C. § 1915 as the jurisdictional basis.  *Complaint*, p. 2.  However, section 1915 addresses the payment of fees and costs for indigent individuals; it does not provide a basis for this Court's jurisdiction.

In response to the defendants' Motion, the plaintiff asserts the following argument regarding sovereign immunity:

> If the government's right not to be sued without the government's permission does not come from Original Law, then it is subordinate to Original Law.  If that is the government's position it is irrelevant, and an answer is not warranted because subordinate law cannot deny benefits guaranteed me by the Constitution.
>
> If on the other hand, the government's right comes from Original Law, then we have a problem, for the government's right does not negate mine.  Original Law was ratified in whole, there was no picking and choosing.  In instances like this, for clarification , we always return to Original Law.
>
> If the government has a right not to be sued and I have a right not to be punished by retroactive laws, and both rights originate within the Constitution, then the Court has jurisdiction and is required by Original Law to accept this case, judge this case, and issue a ruling.

*My response to the U.S. Attorney's response, dated August 9, 2006, to the U.S. District Court*, [Doc. #19, filed 8/21/06].

The plaintiff has failed to establish that the United States has waived its sovereign immunity as to her claim.

### IV.  CONCLUSION

I respectfully RECOMMEND that Defendants' Motion to Dismiss Plaintiffs' [sic] Claims for Lack of Jurisdiction and Failure to State a Claim be GRANTED and that this case be DISMISSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 3, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge