IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00474-WYD-BNB

MARIA V. McANINCH JOLLIE,

    Plaintiff(s),

v.

UNITED STATES ATTORNEY GENERAL;
UNITED STATES ATTORNEY, DISTRICT OF COLORADO; and
U.S. DEPARTMENT OF STATE,

    Defendant(s).

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' [sic] Claims for Lack of Jurisdiction and Failure to State a Claim, filed July 12, 2006 (docket #14) (the "motion").  A general Order of Reference referring the case to Magistrate Judge Boland was issued April 28, 2006.  A Recommendation of United States Magistrate Judge was issued on January 3, 2007 ("Recommendation").  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  Magistrate Judge Boland recommends therein that this case be dismissed for lack of subject matter jurisdiction.

More specifically, Magistrate Judge Boland finds that Plaintiff has failed to establish that the Defendants have waived sovereign immunity with respect to the claims asserted in this case.  *See* Recommendation at 4.  Accordingly, it is

recommended that this case be dismissed with prejudice for lack of subject matter jurisdiction.

On January 16, 2007, Plaintiff filed a timely Objection, which pleading is actually entitled "Response to the Recommendation of United States Magistrate Judge Boland, dated 1/03/07." Plaintiff's objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding *pro se*, initiated this action seeking to have this Court reinstate her "Survivor and Retirement Benefits as a Former Spouse." Complaint at p. 6. Plaintiff alleges in her Complaint and other pleadings that she married Vernon McAninch, a member of the Foreign Service, on May 2, 1950. Plaintiff and McAninch were subsequently divorced, and Plaintiff married Richard Jollie on July 28, 1972. At the time Plaintiff married Jollie she was 48 years old. Plaintiff and Jollie divorced in August 1976 and then remarried three months later. Plaintiff and Jollie divorced for a second time in October, 1980. McAninch died on November 13, 1987, and Plaintiff attempted to obtain survivor benefits available to former spouses of participants in the Foreign Service Retirement and Disability System. Plaintiff's application for benefits was denied because she remarried before age 55.

In the motion to dismiss, Defendants contend that Plaintiff has failed to carry her burden of proof as to this Court's jurisdiction. Defendants state that they are immune from suit under the doctrine of sovereign immunity, which is a jurisdictional bar to suit against the United States. In response to the motion to dismiss, Plaintiff failed to cite

any authority demonstrating that the Defendants have waived their sovereign immunity with respect to the claims asserted in this case. Magistrate Judge Boland agreed with Defendants assertions, and recommended dismissal of Plaintiff's claims

I have reviewed Plaintiff's objection to the Recommendation in its entirety and find no merit to any arguments therein. The United States may not be sued without its consent, and any "wavier of sovereign immunity must be strictly construed in favor of the sovereign." *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992). I agree with Magistrate Judge Boland that this Court does not have subject matter jurisdiction over this case, and that Plaintiff's action must be dismissed. Accordingly, the Recommendation is **AFFIRMED AND ADOPTED**.

Based upon the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Plaintiffs' [sic] Claims for Lack of Jurisdiction and Failure to State a Claim, filed July 12, 2006 (docket #14), is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

Dated: March 27, 2007

> BY THE COURT:
>
> s/ Wiley Y. Daniel
> Wiley Y. Daniel
> U. S. District Judge